## THE PEOPLE OF THE STATE OF NEW YORK *ex rel.* JAMES H. GILHOOLY, RESPONDENT, *v.* THE BOARD OF POLICE COMMISSIONERS OF THE CITY OF NEW YORK, APPELLANTS.

*Trial of officer by board of police commissioners—testimony may be taken before one, and afterwards submitted to and acted upon by all—a change in the constitution of the board pending a trial does not invalidate a removal made by the new board.*

APPEAL from an order made at Special Term, reversing the action of the board of police commissioners in removing the relator.

The relator was charged in this case, by the superintendent of police, with conduct unbecoming an officer. The charge was accompanied with specifications setting forth the particular acts and offenses of which he was alleged to be guilty. Personal service was made on the relator, of the complaint, charges, specifications, and notice of trial. On the day specified the relator appeared, and the charges were read to him. Proceedings to take testimony in the case were then had before Commissioner Smith. One of the witnesses was examined on that day, and the relator himself was sworn in his own behalf, and his testimony, as well as that of the witness, was taken down at length, as appears by the return. Further proceedings were adjourned to June 26, 1879, at which time the testimony was continued before Commissioners Smith and Wheeler, the relator being present and cross-examining each of the witnesses. Afterwards, and on September 9, at a meeting of the board, at which all the commissioners then in office were present, the case of the relator was taken up for consideration. A change, in the meantime, had occurred in the commissioners by the removal of Commissioner Smith, and the appointment of Commissioner McLean; what occurred on that day is to be found in the order of the board which recites the making of the charges, and of the notice in writing, and the service thereupon upon the relator, requiring him to appear and answer such charges. It then proceeds to say that "the said James H. Gilhooly, having appeared and answered to said charges at the time and place required in and

by said notice, the said board, at such time and place, publicly heard the proofs and allegations in support of said charges; and the said James H. Gilhooly, having so appeared and a full opportunity to be heard in his defense having been afforded him, and due deliberation being thereupon had, it was found that the said James H. Gilhooly is guilty of the charges so made as aforesaid." It was therefore adjudged by the board, that he be removed from the police department of the city of New York, all the commissioners voting " aye."

The court, at General Term, said : " The court below reversed the proceedings on the ground that Commissioner Smith, who had taken the testimony on the first day, and was present at the time the testimony was taken on the second hearing, was not present at the time of the final action of the board in removing the relator. It sufficiently appears that Commissioner Smith had ceased to be a member of the board of police commissioners before the time of the final action, and his place had been filled by the appointment of another; and the question presented is whether that fact prevented the final hearing and completion of the proceedings by the board of police commissioners, constituted as it was at the time of such final hearing.

" In *People* ex rel. *Farrell* v. *Board of Police Commissioners* (20 Hun, 402), it was said by the judge who pronounced the opinion that, under the regulations of the board, the testimony might properly be taken before one or more of the commissioners in the presence of the officer charged, and notes of such testimony submitted for final consideration to the board. The point was not distinctly settled in that case, but it seems to us beyond question that such action by the board is in conformity to the statute, and to the rules and regulations of the board made under the statute. If it was necessary that a majority of the board should always be present on taking testimony on charges of this kind, it would be difficult, if not impossible, to perform the numerous and various functions and duties devolved by law upon that board. The statute intended to relieve the board from the necessity of all, or a majority of its members being present, by clothing them with power, by their own by-laws, to regulate the mode of taking testimony in such

cases. The testimony having been taken lawfully and properly, as we think, it does not follow that the proceedings must fail because there happens, before the hearing of the board, to be a change in the incumbency of the office. It is the action of the board, and its final judgment, that determines the case, and if that seems to be regular in form, based upon testimony already duly taken before a member of the board, we see no sound reason why the board may not proceed to determine the case upon the evidence. The recital of the order shows that the relator was present and had his opportunity to be heard, and there was nothing in the case tending to show that that recital was not entirely correct."

*Douglass A. Levien,* for the appellants.

*Frank A. Irish,* for the respondent.

Opinion by Davis, P. J.; Brady and Barrett, JJ., concurred.

Order reversed, with $10 costs, and disbursements; and order of commissioners affirmed.